IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-14233-CIV-MOORE

JEFFERSON DAVIS and KERRI DAVIS,

    Plaintiffs,

v.

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.
_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant Nationwide Mutual Fire Insurance Company's ("Nationwide") Motion for Final Summary Judgment (dkt # 23). Plaintiffs Jefferson Davis and Kerri Davis ("Plaintiffs") filed a Response in Opposition (dkt # 29). A Reply (dkt # 31) was also filed.

UPON CONSIDERATION of the Motion, Response, Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order:

**I.    Background**

Plaintiffs own property located at 2056 N.W. 42nd Avenue, Okeechobee, Florida ("Property"). Plaintiffs insured their Property with a Standard Flood Insurance Policy ("SFIP") issued by Nationwide. Nationwide serves as a Write-Your-Own Carrier for the National Flood Insurance Program, which provides government funded flood insurance where it would not otherwise be available. Payments made under National Flood Insurance Program polices are funded from the U.S. Treasury. To be eligible for payment under an SFIP policy, policy holders must comply with SFIP's proof of loss requirements enumerated at Article VII(J)(4). See 44 C.F.R. § 61 App. A(1), Art. VII(J)(4). Further, Article VII(J)(4) requires policy holders to submit their sworn proof of loss within sixty days of sustaining flood damage. The federal government can extend the time period for submitting a proof of loss when the circumstances merit an

extension. In this case, the federal government granted SFIP policy holders a one year extension to submit their proof of losses.

On or about October 24, 2005, Plaintiffs claim the Property sustained flood damage from Hurricane Wilma. Plaintiffs first notified Nationwide of their potential flood claim in July of 2006. This first notification was approximately eight months after the alleged loss created by Hurricane Wilma. Upon notification, Nationwide inspected Plaintiffs' property for evidence of flood damage. After the inspection, Nationwide, through claims examiner, James Chandler, sent a letter dated August 9, 2006, to Plaintiffs denying their claim for a loss. Also on August 9, 2006, Nationwide sent Plaintiffs a separate letter directing their attention to the Art. VII(J)(4) requirements in case of loss. Despite being directed to Art. VII(J)(4) by Nationwide, Plaintiffs failed to comply with the proof of loss submission criteria set forth in Art. VII(J)(4). Most notably, they failed to submit a sworn proof of loss within the one year time limit prescribed.[1] Apparently, to date, Plaintiffs have still not submitted a proper sworn proof of loss in compliance with Art. VII(J)(4), but instead rely on a letter their lawyer sent to Nationwide's counsel as representative of their proof of loss. Plaintiffs counsel's letter did not conform to the Art. VII(J)(4) requirements and was sent nine months after the submission deadline. Plaintiffs maintain that regardless of their non-compliance with SFIP's strict proof of loss requirements, they should not be procedurally barred from filing their claim because Nationwide should have made the proof of loss requirements known to Plaintiffs at the time of denial.

In fact, Nationwide, in their August 9, 2006 letter, did make Plaintiffs aware of the proof of loss requirements at the time their original claim was denied. Further, the SFIP includes specific language explaining that irrespective of a claim adjuster's actions, the onus remains on the

---

[1] Originally, under Art. VII(J)(4), this time period was 60 days from the date of loss, but later this period was extended to one year from the date of loss. This allowed Plaintiffs to file their proof of loss before on or about October 24, 2006.

2

Plaintiff to submit a proof of loss that conforms to Art. VII(J)(4)'s strict requirements.

## II. Standard of Review

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. However, the nonmoving party:

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## III. Discussion

Nationwide maintains that Plaintiffs are barred from recovering anything under their SFIP because they failed to submit a complete and timely proof of loss. In the event of flood damage, SFIP Article VII(J)(4) requires policy holders to submit a sworn proof of loss.[2]

In adjudicating flood insurance claims, the Eleventh Circuit has held, "there must be strict compliance with the terms and conditions of federal flood insurance policies and that the failure to file a proof of loss prohibits a plaintiff from recovery." Sanz v. U.S. Sec. Ins. Co., 328 F.3d 1314, 1317-18 (11th Cir. 2003). The law of this Circuit further holds that even where a flood insurance company denies a claim without receipt of a proof of loss, the policy holder must still submit a proof of loss in order to challenge the denial. See Shuford v. Fidelity Nat. Property & Cas. Ins. Co., 508 F.3d 1337, 1343 (11th Cir. 2007). The Eleventh Circuit expressly rejected the argument that a flood insurance company's denial of a claim amounts to a constructive waiver that would permit policy holders from having to file a proof of loss. Id. (holding "we declined to recognize a constructive waiver when the provider processed the claim without a proof of loss and repeatedly assured the policyholder that all necessary papers had been filed"). The Eleventh Circuit refused to permit any deviation from the strict proof of loss requirements because any payments to policy holders are drawn from the federal treasury. See Id. Finally, the Eleventh Circuit stated that all disputes arising under a SFIP "are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, and Federal common law." Id. at 1344.

Here, Plaintiffs failed to submit a proof of loss as required under their SFIP. Plaintiffs did not submit a proof of loss on or before October 24, 2006,[3] consequently, any subsequent filing of

---

[2]Specifically, Art. VII(J)(4), in part, required Plaintiffs to provide a proof of loss that was both signed and sworn to within 60 days after the loss. The time period for submission was later extended to one year.

[3]Further, based upon Plaintiffs' pleadings, it appears that, to date, Plaintiffs have still not submitted a proof of loss that complies with Art. VII(J)(4).

4

a purported proof of loss is untimely. Further, Plaintiffs' purported proof of loss, a letter sent by their lawyer nine months after the submission deadline, is not signed or sworn to by Plaintiffs as Art. VII(J)(4) demands. Therefore, Plaintiffs have failed to submit both a timely and conforming proof of loss. Plaintiffs failure to comply with SFIP's strict proof of loss requirements bars any possible recovery. See Shuford, 508 F.3d at 1343 (stating "failure to file a proof of loss bars recovery absent an express written waiver of the proof-of-loss requirement by the Administrator").

Despite the clear and controlling precedent rejecting Plaintiffs' claim as a matter of law, Plaintiffs put forth two arguments as to why relief should be granted. First, Plaintiffs argue that Nationwide waived the proof of loss requirement when it denied Plaintiffs' claim. The Eleventh Circuit expressly rejected this argument in Shuford, and further the language of the SFIP explicitly states that a proof of loss should be submitted regardless of whether an adjuster files a report. See Art. VII(J)(7)-(9). Second, Plaintiffs state that Florida law required the claim adjuster to advise Plaintiffs to file a proof of loss in the event that Nationwide denied coverage. This argument is equally without merit. Federal law, not Florida law, governs this dispute. Moreover, at the time Plaintiffs' claim was denied, Nationwide gratuitously directed Plaintiffs to Art. VII(J) of their policy, which states "[t]he insurance adjuster whom we hire to investigate your claim may furnish you with a proof of loss form, and she or he may help you complete it. However, this is a matter of courtesy only, and you must still send us a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help you complete it." See Art. VII(J)(7). Nationwide mailed this letter to Plaintiffs on August 9, 2006, which provided Plaintiffs with an additional two and one half months to submit their proof of loss before the October 24, 2006 deadline. It is Plaintiffs' neglect and failure to educate themselves regarding their policy, even when guided to do so, that accounts for the denial of their claims. Therefore, Plaintiffs' attempt to circumvent this Circuit's controlling precedent fails.

5

## IV. CONCLUSION

Thus, it is

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (dkt # 23) is GRANTED. It is further

ORDERED AND ADJUDGED that the Clerk of Court is directed to CLOSE this case and any remaining motions not yet ruled upon are DENIED as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 8th day of April, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record